ELIAS LIFSHITZ, Respondent, v. FIFTH AVENUE COACH LINES, INC., Appellant.

First Department, November 16, 1967.

*John F. Lang* (*William H. Frappolo* with him on the brief), attorney for appellant.

*Emanuel H. Gottesman* of counsel (*Ira M. Hariton* with him on the brief; *Pearlman, Gottesman & Apat,* attorneys), for respondent.

*Per Curiam.* Plaintiff seeks to recover damages for injuries which, as alleged, were sustained when plaintiff fell as a result of having been pushed by a descending passenger while plaintiff was attempting to board defendant's bus.

More precisely, it is claimed that during a rush-hour period the plaintiff attempted to board the bus through the front door. Plaintiff reached the second step, and was either pushed by another passenger who was alighting from the front of the bus, or was pushed when one passenger shoved another passenger into him (plaintiff). The impact caused plaintiff to fall.

Trial Term, sitting without a jury, found for the plaintiff. The court found that the "driver should have controlled the action of the passengers within the bus by requesting them to leave from a center or rear door as opposed to the front door next to him where passengers were attempting to board the bus."

It cannot be said as a matter of law that the use of the front door for alighting, as well as boarding, in and of itself constitutes negligence. Indeed, the attorney for plaintiff so conceded upon the argument of this appeal.

Beyond the factor that the front door was used for alighting as well as boarding, there is no proof in this record of any negligence. There is no testimony to indicate what the driver did, or for that matter what he failed to do in connection with the accident. Consequently, any attempt to prove negligence through the driver's acts would be based on pure speculation. While there was some testimony to the effect that the bus was crowded, there is nothing, except for this one incident caused by the offending passenger (if indeed we are to accept the plaintiff's story despite his contradictory admissions), to show that the crowd was anything but orderly. There was certainly nothing shown which would have alerted the driver to the possibility that such an accident would occur.

Trial court, in reaching its conclusion, relied upon *Walton* v. *Doyle* (10 A D 2d 568, revd. 9 N Y 2d 783). That case is not in point. There was a situation when one passenger accused another of picking his pockets. The two were "wrestling and scuffling" while the bus, which was crowded, proceeded en route. There was evidence that the bus driver knew of this and, indeed, was requested not to let the pickpocket off the bus. When the bus reached its next regular stop the plaintiff boarded the bus and put her fare in the coin box. The door was then closed, but within several seconds the door was reopened and the pickpocket and his accuser left the bus. Plaintiff was thrown into the street by one of the two. It is evident from these facts that there were questions to be presented to the jury, and that it could be said that the bus driver was put on notice of disorderly conduct, which he should have prevented. His failure to properly control the passengers in that case could be said to be negligence.

The case at bar presents quite a different situation. The record does not indicate that there was any disorderly conduct on the bus, so that the driver was forewarned of a dangerous situation.

Accordingly, the judgment entered February 2, 1967 should be reversed on the law and the facts and the complaint should be dismissed, with costs and disbursements to the defendant.

BOTEIN, P. J., STEVENS, STEUER, CAPOZZOLI and RABIN, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, with $50 costs and disbursements to the appellant, and judgment is rendered in favor of the defendant dismissing the complaint.